IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK ROHR,
        Plaintiff,

vs.                                                                  No. 19-1114-JTM

UNION PACIFIC RAILROAD CO.,
        Defendant.

MEMORANDUM AND ORDER

Frank Rohr, according to his Americans with Disabilities Act (ADA) Complaint, worked for the Union Pacific Railroad Company from 2010 until 2017. He took medical leave for depression in October, 2016. He returned to worked in January, 2017, but left the following May. He sought a return to work in, citing his doctors' opinions that he "could safely perform his jobs essential function *without any accommodation* and therefore released him to return to work." (Dkt. 1, ¶ 20) (Emphasis added). He contends that Union Pacific violated the ADA when it refused to return him to work, asserting claims for (1) breach of the ADA, (2) failure to make reasonable accommodation under the ADA, and (3) conducting an impermissible medical examination. Union Pacific has moved to dismiss the second and third claims. Fort the reasons stated herein, the court grants the motion.

A complaint must go beyond mere labels and conclusions, and present a plausible explanation for why relief should be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 696-98 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Here, the Railroad argues that Rohr's reasonable accommodation claim is fatally undermined by his failure to request any such accommodation, and indeed by his express statement that he needed no accommodation.

In opposing the motion to dismiss, Rohr relies on *Hall v. Life Care Ctrs. of Am.*, No. 16-2729-JTM, (D. Kan. Feb. 10, 2017) in which the court referenced the "plausible on its face" standard from *Twombly* in denying defendant's motion to dismiss in an ADA case. But in *Hall* the court was presented with a relatively narrow issue – an individual defendant argued that she was not a proper party as the plaintiff's "employer" within the meaning of the ADA, and the court simply held that the complaint's description of defendant as "Regional Vice President" could, under the circumstances of the case, be interpreted plausibly to mean that defendant had supervisory powers over the plaintiff. Such an interpretation might be supported by the facts, and would be consistent with the language of the complaint. Here, Rohr presents a failure-to-claim which is *inconsistent* with the language of his Complaint. In the Complaint, he expressly states that he whe could "perform his job's essential functions without an accommodation."(Dkt. 1, at 1).

Rohr also cites *Schauf v. American Airlines*, 15-1172, 2016 WL 110481 (E.D. Cal. Jan. 8, 2016) which observes that typically plaintiffs "are not required to identify such a

reasonable accommodation at the pleading stage." Again, however, *Schauf* did not hold that a failure-to-accommodate claim is plausibly set forth by a complaint that explicitly states plaintiff needed no accommodation. In *Schauf*, the court addressed the sufficiency of a complaint which alleged that defendant "failed to engage in the interactive [ADA accommodation] process." 2016 WL 110481, at *8. "*Even assuming*," the court held, "that Plaintiff has alleged a need for reasonable accommodations for his disability which would give rise to Defendant's obligation to engage in a good faith interactive process with him," the remainder of the complaint showed that the employer had attempted to work with plaintiff, and thus the plaintiff "has failed to allege facts establishing a claim for failure to engage in the interactive process." (*Id*.) (Emphasis added.)

Here, Rohr's Complaint alleges that no accommodation was needed because he has been able to do his job without accommodation.[1] "To state a claim for failure to accommodate, a plaintiff must make an initial showing that (1) he is disabled, (2) he is otherwise qualified for his position, and (3) he requested a plausibly reasonable accommodation." *Brown v. Esper*, No. 17-02004, 2019 WL 6893019, at *4 (D. Colo. Dec. 18, 2019) (citing *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017)). Rohr has failed to cite any authority denying dismissal of a failure to accommodate claim under similar

---

[1] The language in *Schauf* cautioning against the early dismissal of failure-to-accommodate claims rests on the recognition that typically "[e]mployees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have. *Id*. (quoting *Nealy v. City of Santa Monic*a, 234 Cal.App.4th 359, 379 (2015). But whether an employee asked for accommodation, or whether there is any need for accommodation at all, are facts which are not known only to the employer. Rohr would know if he needed or asked for accommodation. But his Complaint makes no mention of any request, and approving cites his doctor's opinion that he could do his job "without any accommodation."

3

circumstances. *See Andrews v. Green Bay Packaging*, 2019 WL 1053612, \*\* (E.D. Ark. March 5, 2019) (a plaintiff who told employer he "could perform the essential functions of his job without accommodations … has failed to state a prima facie case of disability discrimination or failure to accommodate"); *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-5125, 2018 WL 1603872, at \*5 (E.D.N.Y. Mar. 30, 2018), *aff'd*, 767 Fed. App'x 123 (2d Cir. 2019) ("noting {n}umerous courts in this Circuit have found that plaintiffs do not state a claim for a failure to reasonably accommodate where their own allegations attest that no accommodation was needed in order for them to perform their essential work functions"). Accordingly, the court dismisses Count 2 of the Complaint.

Similarly, the court dismisses the impermissible medical examination claim. The ADA allows employers to make some medical examination of an employee seeking disability protection under the act. See 42 U.S.C. § 12112(d)(4). *See Martin v. State of Kansas*, 996 F.Supp. 1282, 1294 (D. Kan. 1998). In the Tenth Circuit, a medical examination violates the ADA where it causes some tangible injury. *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 594-595 (10th Cir. 1998) (ADA medical intrusion claim requires actual injury, beyond simply assertion that defendant "technically violated" the statute) *See also Cossette v. Minn. Power & Light*, 188 F.3d 964, 971 (8th Cir. 1999) ("As we explained above, Cossette must establish a tangible injury caused by the alleged illegal disclosure" under § 12112(d)); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562 (5th Cir. 1998) ("There must be some cognizable injury in fact of which the violation is a legal and

proximate cause for damages to arise from a single violation."). Here, the plaintiff identifies no such actual injury.

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the defendant's Motion for Partial Dismissal (Dkt. 5) is hereby granted.

J. Thomas Marten
J. Thomas Marten, Judge